The opinion of the court was delivered by
Randolph, J.
This demand is insufficient for uncertainty. Part is on a promissory note for $35.34, with interest, stating the date, and time of payment of the note with sufficient certainty, and showing enough to enable the court to ascertain how much was due for principal, and how much for interest; which together, at the time of the judgment rendered by the Justice, amounted to $47.68. But for what is the balance of $52.32, claimed in the demand? It is stated to be, for balance struck by the defendants on plaintiff’s books, Oct. 25th, 1834, and interest thereon; but what that balance was or how much the interest, does not appear in the demand, otherwise than that the note and balance with interest amounted to $100. And as the judgment is for the same, no information can be gained from that source; except that the justice must have added, to the gross amount of the note and interest, the sum, which, according to his calculation, brought the whole amount up to the round sum demanded, of$100.
Had the latter branch of the demand stood by itself, it could never have been sanctioned as a legal state of demand; for it would not give either the court, or the adverse party, the requisite information; and what is defective as an entirety, is alike defective when taken in connection with other good parts of a demand, and judgment rendered on the whole.
It is manifest, from an inspection of the original demands, that the plaintiff had omitted to enter the amount of the balance struck, October 25, 1834, as he originally intended in the right hand margin left for the purpose.
The statute requires, that the plaintiff shall file either a copy of his account, or state of his demand ; but the general charge, *610 for balance due on settlement, is not a copy of account; and it has been more than once seriously contended in this court, that it could not be good as a state of demand. Thus in McHenry v. Forsyth, 2 Penn. 1003, Pennington, J, says, “the first item on the debit side is to balance due ou settlement, $69.51. It appears to me this is perfectly correct. There is no necessity, in the state of demand, to travel back into an account after it is once settled,” showing the objection to have been, its not being a copy of the account. In Prest v. Mercereau, 4 Halst. 270, the same objection was raised and rejected by the court, on the authority of the last ease, and in Chidester v. Drake, 2 Penn. 903-4, the objection was, that the demand was for “ a balance of $30.04 on-settlement of account, on or about the 29th of December, 1810,” but the objection was overruled by this court. In Richards v. Cranmer, 2 Penn. 847, the plaintiff exhibited the account between him and the defendant, and struck a balance of $26.81, for which he sued ; and the court overruled the objection to the demand; as they did also in Martin v. Steele, 2 Penn. 718, where the time of the delivery of the corn sold, the quantity, and the price, were all set out, but the sums not carried out, nor the account footed; this demand was held good, because “ it could be rendered certain by calculation,” as remarked by the court. In Tichenor v. Colfax, 1 South 155, an item in the plaintiff’s account was for a “ balance due on settlement of accounts, dated May 27,1799, of $29.25, with interest thereon till,” &c. This being objected to, Kirkpatrick, C. J. said, “ It has repeatedly been determined, that a mere statement of a balance is not sufficient. But here the balance was settled by the parties, and, in such case, is sufficient to be exhibited, as an item of account so settled.” These cases all go upon the ground, that although in a claim for an open account the items must be set out, as decided in Clark v. Hillyer, et al. 1 Penn. 102, yet where'the account had been adjusted, and the balance struck, a suit may be brought on that balance without setting out the items. But it was never contended, so far as appears to the court, that a demand on that balance need not set out what it was, or that the amount might be omitted, or any other essential requisite. It was considered going pretty far, to hold the demand *611 to be good, without setting out the plaintiff’s items, which made up the settlement.
It would be about as correct to sue on a promissory note, and omit giving the amount of it in the demand, as to omit the amount of the balance of account, in a demand therefor. Or, in the present case, had the plaintiff omitted giving the amount of the note, and given the amount of the balance of account, his state of demand would have been about as correct, as it is at present.
The demand is insufficient, not because the item is for the balance due on settlement j but because that balance is not set out; nor does it appear, nor can it be made to appear, by calculation, what amount of principal, or what amount of interest, the plaintiff claims. This is too uncertain, and judgment must therefore be reversed.
Judgment reversed
Nsvitrs J. and Cabpenteb J. concurred.